UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY, individually

    Plaintiff,

v.                                    Case No:   2:16-cv-148-FtM-99CM

ROUMELY, INC.,

    Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Entry of Clerk's Default (Doc. 26) filed on June 17, 2016.   On the same day, Defendant filed an Answer and Affirmative Defenses.   Doc. 27.   For the reasons that follow, the motion is due to be denied.

Plaintiff filed her Complaint on February 19, 2016.   Doc. 1.   Defendant was served with process on March 4, 2016.   Doc. 26.   On March 18, 2016, Defendant appeared and filed a Motion to Stay Proceedings Pending Investigation and Remediation & Incorporated Memorandum of Law, which was later denied by the Court.   Docs. 8, 23.   Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."   Here, although Defendant failed to timely respond to the Complaint, Defendant has since filed an answer.   Doc. 27.   Moreover, Defendant has participated in this case by filing the motion to stay, participating in

the case management conference and filing a Case Management Report, and participating in the preliminary pretrial conference. *See* Docs. 8, 11, 13, 22.

"Courts have a longstanding policy favoring adjudication of lawsuits on the merits, thus defaults are disfavored." *Bateh v. Colquett D. Trucking, Inc.*, 2011 WL 4501385, *1 (M.D. Fla. 2011) (citing *Kilpatrick v. Town of Davie*, 2008 WL 3851588 (S.D. Fla. 2008). Simply because a defendant fails to timely respond to complaint, it does not show an intentional or reckless disregard for judicial proceedings. *Id.* Here, Defendant filed an answer on the same day Plaintiff filed the motion for default. Plaintiff will not be prejudiced by the minimal delay as this case is still in the early stages of litigation. The Court also considers whether there is a meritorious defense to Plaintiff's claims, and a "mere 'hint of a suggestion' that there is a meritorious defense to the claims alleged is sufficient." *Id.* (internal citation omitted). Here, Defendant's Answer and Affirmative Defenses provides a "hint of a suggestion" of a meritorious defense to Plaintiff's alleged claims. Thus, the Court finds that a clerk's default is not appropriate in this instance.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Entry of Clerk's Default (Doc. 26) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of June, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies: Counsel of record